UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CIVIL ACTION NO. 03-193-WOB

**CLINTON D. BROWN,**                                                       **PLAINTIFF**

**V.**

**EARTHBOARD SPORTS USA, INC., et al.,**                     **DEFENDANTS**

### REPORT & RECOMMENDATION

Plaintiff has filed a renewed motion for default judgment against defendant Earthboard Sports USA Inc. and its President and/or CEO, defendant Hugh Jeffreys, based upon the repeated failures of such defendants to comply with the orders of this court compelling them to pay monetary fines and comply with discovery. The defendants have filed no response.

Oral argument was heard on the motion for default as well as other pending motions on May 3, 2005. Although today the court has conditionally granted the motion of defense counsel to withdraw from further representation of the two defendants, the court finds no cause to delay ruling on the pending motion for default judgment in light of the defendants' blatant and persistent misconduct. Therefore, I recommend that plaintiff's renewed motion for default judgment be granted.

**I. Background**

The history of defendants' misconduct was most recently set forth in the court's order of February 1, 2005, at which time the court denied plaintiff's motion, without prejudice to renew, in order to provide defendants one last opportunity to comply with the court's previous orders. This history is repeated herein for the convenience of the court:

> On December 6, 2004, plaintiff moved for an order of default judgment and

sanctions against defendant Earthboard Sports USA Inc. and its President and/or CEO, defendant Hugh Jeffreys (hereinafter "defendants").[1] The motion was denied, without prejudice to renew, only because lesser sanctions had not yet been imposed and because the defendants had not specifically been warned of the possibility of entry of default judgment.

In its December 30 Memorandum Order, the court explained:

> The defendants have continued to violate the orders of this court without explanation. First, the defendants failed to comply with the court's August 13 order requiring them to respond to discovery requests and pay plaintiff's attorney's fees. The defendants next failed to comply with the court's October 26 order, which again directed defendants to pay the fees outstanding since August and to provide responses to the plaintiff's written discovery requests on or before November 15, 2004.
>
> Although defendants have not offered any explanation for their conduct or even bothered to respond to plaintiff's motion for default judgment, on December 8 defendants finally filed written responses to the requests outstanding since May. A cursory review of those responses suggests that defendants may not have complied with the court's directives to Earthboard *not* to assert a non-existent Fifth Amendment privilege and to Jeffreys to make sure any assertion is "narrowly tailored."
>
> . . .
>
> In lieu of granting the plaintiff's motion for default judgment, the court will instead offer the defendants one more chance to atone for their past conduct. Should the defendants fail to comply with this order, a renewed motion for default judgment may be appropriate.

The court did find additional monetary sanctions to be appropriate, and directed plaintiff to file "an itemization of its reasonable expenses incurred in making

---

[1] For purposes of this Report and Recommendation, the term "defendants" refers only to defendants Earthboard Sports USA Inc. and defendant Hugh Jeffreys. Neither plaintiff's motion nor this order concern defendant Lincoln Financial Advisors Corporation or defendant Jeffrey A. Vaughn.

> both the original motion to compel and the instant motion for sanctions." The court directed defendants Earthboard and Jeffreys "by counsel, [to] show cause by written response to be filed of record herein, why the Court should not award plaintiff all reasonable expenses as claimed."
>
> On January 11, 2005, counsel for Earthboard and Jeffreys filed a "Notice of Compliance" reflecting the long-overdue payment of the $630.00 monetary sanction first imposed by this court on September 21, 2004.
>
> On January 13, 2005, plaintiff's counsel timely filed an itemization of the reasonable expenses incurred in making his motion to compel and subsequent motion for sanctions. Counsel's invoices reflect hourly rates ranging from $125.00 to $230.00 per hour for the work performed, resulting in $4,814.00 in total fees.
>
> The record does not reflect that any timely written response has been filed by the defendants. However, on January 27, 2005, plaintiff filed a "reply brief....in support of his application for attorneys' fees." Plaintiffs' reply brief reflects plaintiff's receipt of a memorandum in opposition to plaintiff's application to fees, notwithstanding plaintiff's failure to file a copy of that memorandum with this court. According to the plaintiff's reply memorandum, defendants' opposition to the fee application was based on the assertion that "there is no showing of the attorney's skill and background sufficient to justify any claimed hourly rate." In plaintiff's reply memorandum, he provides ample justification for the hourly rates claimed.
>
> Given the magnitude of defendants' past conduct, as well as defendants' failure to comply with the directive that they file any opposition "by written response to be filed of record herein," the court will award the full amount of fees claimed by plaintiff. Notwithstanding defendants' failure to file their opposition of record, the court has also reviewed the fee application and finds the time entries claimed and hourly rates to be reasonable and appropriate.

DE #75, Memorandum Order of February 1, 2005.

In its February order, the court directed defendants to **"immediately, but in any event not later than February 22, 2005** pay to plaintiff the sum of $4,814.00 as a sanction for their repeated and willful failure to comply with the previous orders of this court." (Emphasis original). The court explicitly warned the defendants that should they fail to comply, "the court will seriously consider a

3

renewed motion for default judgment."

## II. Analysis

The defendants have yet again failed to comply with the clear directive of this court.

A default judgment, like dismissal of a complaint, is a sanction which should be used "if the Court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *See Beil v. Lakewood Engineering & Mf'g Co.*, 15 F.3d 546, 552 (6th Cir. 1994). "If a party has the ability to comply with a discovery order and does not, dismissal [or default] is not an abuse of discretion." *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). *See also Bass v. Jostens, Inc.*, 71 F.3d 237 (6th Cir. 1995); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067 (6th Cir. 1990).

In this case, a default judgment is appropriate because the defendants' failure to comply with the court's orders appears to be due to willfulness and/or bad faith and the plaintiff has been prejudiced by his inability to obtain needed discovery. In addition, the defendants have been repeatedly warned of the possibility of the entry of a default judgment, and less drastic sanctions have been imposed to no avail. *See Regional Refuse System, Inc. v. Inland Reclamation Co.* 842 F.2d at 153-55.

## III. Conclusion and Recommendation

Accordingly, IT IS RECOMMENDED THAT plaintiff's motion for default [DE #83] be **granted** and that the Clerk enter a default judgment against defendants Earthboard and Hugh Jeffreys based upon their bad faith and contumacious conduct.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters*,

638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 4th day of May, 2005

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge